IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CALVIN FRAZIER, # 177281,    )
    )
    Petitioner,    )
    )
    v.    )    Civil Action No. 2:16cv753-WKW
    )    [WO]
CYNTHIA STEWART, *et al.,*    )
    )
    Respondents.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

James Calvin Frazier ("Frazier"), an Alabama inmate, filed this construed petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. No. 1.[1]  In 2002, Frazier was sentenced to 20 years' imprisonment following his manslaughter conviction in the Chilton County Circuit Court.  That sentence was split to four years, after which Frazier would serve five years' probation.  After serving the split portion of his sentence, Frazier was released to probation; however, his probation was later revoked, and he was ordered to serve the remainder of his 20-year sentence.  In his § 2254 petition, Frazier claims that the Alabama Department of Corrections' ("ADOC") is improperly denying him eligibility for correctional incentive time during the remainder of his sentence.

## II.   DISCUSSION

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Frazier contends that he was sentenced under Alabama's Split Sentence Act, Ala. Code 1975 § 15-18-8 ("the Act"), and that § 15-18-8(g) of the Act provides that he should receive correctional incentive time on the remaining part of his 20-year sentence. He argues that § 15-18-8(g) conflicts with Ala. Code 1975 § 14-9-41(e), part of the Alabama Correctional Incentive Time Act ("ACITA"). According to Frazier, § 15-18-8(g) governs because, where a conflict exists between statutes, the latest expression of the legislature is the law. Frazier maintains that § 15-18-8(g) is the latest expression of the legislature and that the language in the last part of § 15-18-8(g) (highlighted below) entitles him to receive correctional incentive time during the remainder of his sentence.

Section 15-18-8(g) states:

No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to parole or to deductions from his or her sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that *this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period.*

Ala. Code 1975 § 15-18-8(g) (emphasis added).

Section 14-9-41(e) states:

[N]o person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, *or who has received a sentence for more than 15 years in the state penitentiary* or in the county jail at hard labor or in any municipal jail. No person may receive the benefits of correctional incentive time if he or she has been convicted of a criminal sex offense involving a child as defined in Section 15-20-21(5).

Ala. Code 1975 § 14-9-41(e) (emphasis added).

2

Frazier has misinterpreted the above statutes. Section 15-18-8(g) states that a defendant may not earn correctional incentive time while serving the split portion of his sentence, but clarifies that a defendant may earn correctional incentive time during any period of confinement after the split portion has been served. Section 15-18-8(g) does not mandate that a defendant earn correctional incentive time after serving the split portion of his sentence; rather, it provides for eligibility to the extent authorized by other law. Section 14-9-41(e)—other law—*prohibits* Frazier from receiving correctional incentive time altogether, because he received a sentence of more than 15 years. Section § 15-18-8(g) does not conflict with § 14-9-41(e), and the two statutes may work together without contradicting each other's terms. Thus, Frazier's claim is without merit; the ADOC correctly denied him eligibility for correctional incentive time during the remainder of his sentence; and the state courts correctly denied his challenge to the ADOC's decision.

Moreover, even an Alabama inmate eligible for correctional incentive time deductions has no constitutional right or entitlement to receive these deductions from the term of his sentence, nor is any such right created by state law, as granting such deductions under Alabama Code § 14-9-41 is discretionary. *See Conlogue v. Shinbaum*, 949 F.2d 378, 380–81 (11th Cir. 1991); *Sandin v. Conner*, 515 U.S. 472 (1995). Although § 14-9-41 contains language delineating which inmates are eligible to receive correctional incentive time—language that bars Frazier from eligibility—the statute does not create an interest in receiving correctional incentive time upon meeting the eligibility criteria, nor does it contain any explicit mandatory language that restricts the discretion of persons charged with deciding whether an inmate should be granted these time deductions. While the

3

eligibility criteria are prerequisites, the statute does not establish a right to receive incentive time deductions even if the criteria are met. Thus, the failure to grant correctional incentive time to an inmate does not alter or extinguish a protected right or status and therefore does not deprive inmates of any protected liberty interest. Consequently, Frazier's arguments regarding an unconstitutional denial of correctional incentive time are indisputably meritless, as they allege "infringement of a legal interest which clearly does not exist." *Robinson v. Deloach*, 2009 WL 1116838, at *5 (M.D. Ala. 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition filed by Frazier be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 26, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

4

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2018.


    /s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE